```
                          United States Bankruptcy Court
                          Middle District of Pennsylvania
```

In re:                                                              Case No. 17-05073-HWV
Richard C. Long, Jr.                                                Chapter 13
Christine V. Long
          Debtors

# CERTIFICATE OF NOTICE

District/off: 0314-1           User: karendavi              Page 1 of 1           Date Rcvd: Jan 29, 2018
                               Form ID: pdf002              Total Noticed: 12

```
Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Jan 31, 2018.
db/jdb         +Richard C. Long, Jr.,   Christine V. Long,   26 Little Avenue,   New Oxford, PA 17350-9460
5000878        +Chase Mortgage,   3415 Vision Dr,   Columbus, OH 43219-6009
5000879        +Citibank/The Home Depot,   Citicorp Cr Srvs/Centralized Bankruptcy,   Po Box 790040,
                 St Louis, MO 63179-0040
5000880        +Comenitycapital/ultamc,   Po Box 182120,   Columbus, OH 43218-2120
5000882         PA Department of Revenue,   PO Box 281210,   Harrisburg, PA 17128-1210
5000885       ++TOYOTA MOTOR CREDIT CORPORATION,   PO BOX 8026,   CEDAR RAPIDS IA 52408-8026
               (address filed with court: Toyota Motor credit Corp,   Po Box 8026,   Cedar Rapids, IA 52408)
5005101        +Toyota Motor Credit Corporation,   PO Box 9013,   Addison, Texas 75001-9013
5000886        +Wells Fargo Dealer Services,   Attn: Bankruptcy,   Po Box 19657,   Irvine, CA 92623-9657

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
5000908        +E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Jan 29 2018 19:43:01
                 PRA Receivables Management, LLC,   PO Box 41021,   Norfolk, VA 23541-1021
5000883        +E-mail/PDF: gecsedi@recoverycorp.com Jan 29 2018 19:26:11    Synchrony Bank/Lowes,
                 Po Box 965005,   Orlando, FL 32896-5005
5000884        +E-mail/PDF: gecsedi@recoverycorp.com Jan 29 2018 19:25:55    Synchrony Bank/Walmart,
                 Attn: Bankruptcy,   Po Box 965060,   Orlando, FL 32896-5060
5000887        +E-mail/Text: kcm@yatb.com Jan 29 2018 19:27:10    York Adams Tax Bureau,   PO Box 15627,
                 York, PA 17405-0156
                                                                                              TOTAL: 4

           ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
5000881          Maryland Nat'l Capit
cr*            +PRA Receivables Management, LLC,   PO Box 41021,   Norfolk, VA 23541-1021
                                                                                              TOTALS: 1, * 1, ## 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).
```

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jan 31, 2018                                     Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on January 29, 2018 at the address(es) listed below:
          Charles J DeHart, III (Trustee)    dehartstaff@pamd13trustee.com, TWecf@pamd13trustee.com
          James Warmbrodt    on behalf of Creditor    Toyota Motor Credit Corporation bkgroup@kmllawgroup.com
          Mario John Hanyon    on behalf of Creditor    JPMORGAN CHASE BANK, NATIONAL ASSOCIATION
           pamb@fedphe.com
          Stephen Wade Parker    on behalf of Debtor 1 Richard C. Long, Jr. Mooneybkecf@gmail.com,
           wade@swparkerlaw.com;r61895@notify.bestcase.com
          Stephen Wade Parker    on behalf of Debtor 2 Christine V. Long Mooneybkecf@gmail.com,
           wade@swparkerlaw.com;r61895@notify.bestcase.com
          United States Trustee    ustpregion03.ha.ecf@usdoj.gov
                                                                                              TOTAL: 6
```

LOCAL BANKRUPTCY FORM 3015-1

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE:
**Richard C. Long, Jr.**
**Christine V. Long**

CHAPTER 13
CASE NO. 1:17-bk-05073

☑ ORIGINAL PLAN
__AMENDED__ AMENDED PLAN (Indicate 1ST, 2ND, 3RD, etc.)
☐ Number of Motions to Avoid Liens
☑ Number of Motions to Value Collateral

## CHAPTER 13 PLAN

**NOTICES**

Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked or if neither box is checked, the provision will be ineffective if set out later in the plan.

| | | Included | Not Included |
|---|---|---|---|
| 1 | The plan contains nonstandard provisions, set out in § 10, which are not included in the standard plan as approved by the U.S. Bankruptcy Court for the Middle District of Pennsylvania. | ☐ | ☑ |
| 2 | The plan contains a limit on the amount of a secured claim, set out in § 2.E, which may result in a partial payment or no payment at all to the secured creditor. | ☑ | ☐ |
| 3 | The plan avoids a judicial lien or nonpossessory, nonpurchase-money security interest, set out in § 2.G. | ☐ | ☑ |

**YOUR RIGHTS WILL BE AFFECTED**

READ THIS PLAN CAREFULLY. If you oppose any provision of this plan, you must file a timely written objection. This plan may be confirmed and become binding on you without further notice or hearing unless a written objection is filed before the deadline stated on the Notice issued in connection with the filing of the plan.

1. **PLAN FUNDING AND LENGTH OF PLAN**

   A. **Plan Payments From Future Income**

   1. To date, the Debtor paid $ __0.00__ (enter $0 if no payments have been made to the Trustee to date). Debtor shall pay to the Trustee for the remaining term of the plan the following payments. If applicable, in addition to monthly plan payments, Debtor shall make conduit payments through the Trustee as set forth below. The total base plan is $**36,000.00**, plus other payments and property stated in § 1B below:

| Start mm/yy | End mm/yy | Plan Payment | Estimated Conduit Payment | | Total Payment |
|---|---|---|---|---|---|
| 01/18 | 12/22 | 600.00 | 0.00 | 600.00 | 36,000.00 |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | Total Payments: | $**36,000.00** |

   2. If the plan provides for conduit mortgage payments, and the mortgagee notifies the Trustee that a different payment is due, the Trustee shall notify the Debtor and any attorney for the Debtor, in writing, to adjust the conduit payments and the plan funding. Debtor must pay all post-petition mortgage payments that come due before the initiation of conduit mortgage payments.

   3. Debtor shall ensure that any wage attachments are adjusted when necessary to conform to the terms of the plan.

Software Copyright (c) 1996-2017 Best Case, LLC - www.bestcase.com      Best Case Bankruptcy

Case 1:17-bk-05073-HWV    Doc 15    Filed 12/21/17    Entered 12/21/17 15:58:18    Desc
                    Main Document      Page 1 of 5
Case 1:17-bk-05073-HWV    Doc 23    Filed 01/31/18    Entered 02/01/18 00:44:23    Desc
              Imaged Certificate of Notice    Page 2 of 6

4. CHECK ONE: ☐ Debtor is at or under median income. *If this line is checked, the rest of § 1.A.4 need not be completed or reproduced.*

☑ Debtor(s) is over median income. Debtor(s) calculates that a minimum of $**598.82** must be paid to unsecured, non-priority creditors in order to comply with the Means Test.

B. **Additional Plan Funding From Liquidation of Assets/Other**

1. The Debtor estimates that the liquidation value of this estate is $**0.00**. (Liquidation value is calculated as the value of all non-exempt assets after the deduction of valid liens and encumbrances and before the deduction of Trustee fees and priority claims.)

*Check one of the following two lines.*

☑ No assets will be liquidated. If this line is checked, the rest of § 1.B need not be completed or reproduced.

☐ Certain assets will be liquidated as follows:

2. In addition to the above specified plan payments, Debtor shall dedicate to the plan proceeds in the estimated amount of $__ from the sale of property known and designated as __. All sales shall be completed by __. If the property does not sell by the date specified, then the disposition of the property shall be as follows:
_____

3. Other payments from any source(s) (describe specifically) shall be paid to the Trustee as follows:
_____

2. **SECURED CLAIMS.**

A. **Pre-Confirmation Distributions.** *Check one.*

☑ None. *If "None" is checked, the rest of § 2.A need not be completed or reproduced.*

B. **Mortgages (Including Claims Secured by Debtor's Principal Residence) and Other Direct Payments by Debtor.** *Check one.*

☐ None. *If "None" is checked, the rest of § 2.B need not be completed or reproduced.*

☑ Payments will be made by the Debtor directly to the creditor according to the original contract terms, and without modification of those terms unless otherwise agreed to by the contracting parties. All liens survive the plan if not avoided or paid in full under the plan.

| Name of Creditor | Description of Collateral | Last Four Digits of Account Number |
|---|---|---|
| Chase | 26 Little Ave New Oxford, PA 17350<br>purchased in 2009 for approximately $145,000.00 | 2217 |

C. **Arrears (Including, but not limited to, claims secured by Debtor's principal residence).** *Check one.*

☐ None. *If "None" is checked, the rest of § 2.C need not be completed or reproduced.*

☑ The Trustee shall distribute to each creditor set forth below the amount of arrearages in the allowed proof of claim. If post-petition arrears are not itemized in an allowed claim, they shall be paid in the amount stated below. Unless otherwise ordered, if relief from the automatic stay is granted as to any collateral listed in this section, all payments to the creditor as to that collateral shall cease, and the claim will no longer be provided for under § 1322(b)(5) of the Bankruptcy Code:

| Name of Creditor | Description of Collateral | Estimated Pre-petition Arrears to be Cured | Estimated Post-petition Arrears to be Cured | Estimated Total to be paid in plan |
|---|---|---|---|---|

2

Software Copyright (c) 1996-2017 Best Case, LLC - www.bestcase.com     Best Case Bankruptcy

Case 1:17-bk-05073-HWV    Doc 15    Filed 12/21/17    Entered 12/21/17 15:58:18    Desc
Main Document      Page 2 of 5
Case 1:17-bk-05073-HWV    Doc 23    Filed 01/31/18    Entered 02/01/18 00:44:23    Desc
Imaged Certificate of Notice    Page 3 of 6

| Name of Creditor | Description of Collateral | Estimated Pre-petition Arrears to be Cured | Estimated Post-petition Arrears to be Cured | Estimated Total to be paid in plan |
|---|---|---|---|---|
| Chase | 26 Little Ave New Oxford, PA 17350 purchased in 2009 for approximately $145,000.00 | $7,300.00 | $0.00 | $7300.00 |

D. **Other secured claims (conduit payments and claims for which a § 506 valuation is not applicable, etc.)**
☑ None. *If "None" is checked, the rest of § 2.D need not be completed or reproduced.*

E. **Secured claims for which a § 506 valuation is applicable.** *Check one.*

☐ None. *If "None" is checked, the rest of § 2.E need not be completed or reproduced.*

☑ Claims listed in the subsection are debts secured by property not described in § 2.D of this plan. These claims will be paid in the plan according to modified terms, and liens retained until entry of discharge. The excess of the creditor's claim will be treated as an unsecured claim. Any claim listed as "$0.00" or "NO VALUE" in the "Modified Principal Balance" column below will be treated as an unsecured claim. The liens will be avoided or limited through the plan or Debtor will file an adversary action (select method in last column). To the extent not already determined, the amount, extent or validity of the allowed secured claim for each claim listed below will be determined by the court at the confirmation hearing. Unless otherwise ordered, if the claimant notifies the Trustee that the claim was paid, payments on the claim shall cease.

| Name of Creditor | Description of Collateral | Modified Principal Balance | Interest Rate | Total Payment | Plan or Adversary Action |
|---|---|---|---|---|---|
| Toyota Financial Services | 2013 Hyundai Elantra 150000 miles Condition: Fair | $4,893.00 | 5.25% | $5,515.23 | Plan |
| Wells Fargo Dealer Services | 2005 Chevrolet 1500 Silverado 140000 miles Condition: Fair | $7,709.00 | 5.25% | $8,689.33 | Plan |

F. **Surrender of Collateral.** *Check one.*
☑ None. *If "None" is checked, the rest of § 2.F need not be completed or reproduced.*

G. **Lien Avoidance.** *Do not use for mortgages or for statutory liens, such as tax liens. Check one.*

☐ None. *If "None" is checked, the rest of § 2.G need not be completed or reproduced.*

☑ The Debtor moves to avoid the following judicial and/or nonpossessory, non-purchase money liens of the following creditors pursuant to § 522(f) (this § should not be used for statutory or consensual liens such as mortgages).

3. **PRIORITY CLAIMS.**

   A. **Administrative Claims**

   1. Trustee's Fees. Percentage fees payable to the Trustee will be paid at the rate fixed by the United States Trustee.

   2. Attorney's fees. Complete only one of the following options:
   ☑ In addition to the retainer of $ **172.00** already paid by the Debtor, the amount of $ **3,828.00** in the plan. This represents the unpaid balance of the presumptively reasonable fee specified in L.B.R. 2016-2(c).

   ☐ $_____ per hour, with the hourly rate to be adjusted in accordance with the terms of the written fee agreement between the Debtor and the attorney. Payment of such lodestar compensation shall require a separate fee application with the compensation approved by the Court pursuant to L.B.R. 2016-2(b).

3
Software Copyright (c) 1996-2017 Best Case, LLC - www.bestcase.com          Best Case Bankruptcy

Case 1:17-bk-05073-HWV    Doc 15    Filed 12/21/17    Entered 12/21/17 15:58:18    Desc
                    Main Document         Page 3 of 5
Case 1:17-bk-05073-HWV    Doc 23    Filed 01/31/18    Entered 02/01/18 00:44:23    Desc
              Imaged Certificate of Notice    Page 4 of 6

3. <u>Other</u>. Other administrative claims not included in §§ 3.A.1 or 3.A.2 above.
*Check one of the following two lines.*

☑ None. *If "None" is checked, the rest of § 3.A.3 need not be completed or reproduced.*

B. **Priority Claims (including, but not limited to, Domestic Support Obligations other than those treated in § 3.C below).** *Check one of the following two lines.*

☐ None. *If "None" is checked, the rest of § 3.B need not be completed or reproduced.*

☑ Allowed unsecured claims, including domestic support obligations, entitled to priority under § 1322(a) will be paid in full unless modified under § 10.

| Name of Creditor | Estimated Total Payment |
|---|---|
| PA Department of Revenue | $3,200.00 |
| York Adams Tax Bureau | $1,520.00 |

C. ***Domestic Support Obligations assigned to or owed to a governmental unit under 11 U.S.C. §507(a)(1)(B).*** *Check one of the following two lines.*

☑ None. *If "None" is checked, the rest of § 3.C need not be completed or reproduced.*

4. **UNSECURED CLAIMS**

    A. **Claims of Unsecured Nonpriority Creditors Specially Classified.**
    *Check one of the following two lines.*

    ☑ None. *If "None" is checked, the rest of § 4.A need not be completed or reproduced.*

    B. **Remaining allowed unsecured claims will receive a pro-rata distribution of funds remaining after payment of other classes.**

5. **EXECUTORY CONTRACTS AND UNEXPIRED LEASES.** *Check one of the following two lines.*

    ☑ None. *If "None" is checked, the rest of § 5 need not be completed or reproduced.*

6. **VESTING OF PROPERTY OF THE ESTATE.**

    **Property of the estate will vest in the Debtor upon**

    *Check the applicable line:*
    ☑ plan confirmation.
    ☐ entry of discharge.
    ☐ closing of case:

7. **DISCHARGE: (Check one)**

    ☑ The debtor will seek a discharge pursuant to § 1328(a).

    ☐ The debtor is not eligible for a discharge because the debtor has previously received a discharge described in § 1328(f).

8. **STUDENT LOANS.**

    The Debtor does not seek to discharge any student loans, with the exception of the following: ____

9. **ORDER OF DISTRIBUTION:**

If a pre-petition creditor files a secured, priority or specially classified claim after the bar date, the Trustee will treat the claim as allowed, subject to objection by the Debtor.
Payments from the plan will be made by the Trustee in the following order:
Level 1: _____
Level 2: _____
Level 3: _____
Level 4: _____
Level 5: _____
Level 6: _____
Level 7: _____
Level 8: _____

If the above Levels are not filled-in, then the order of distribution of plan payments will be determined by the Trustee using the following as a guide:
Level 1: Adequate protection payments.
Level 2: Debtor's attorney's fees.
Level 3: Domestic Support Obligations.
Level 4: Priority claims, pro rata.
Level 5: Secured claims, pro rata.
Level 6: Specially classified unsecured claims.
Level 7: Timely general unsecured claims.
Level 8: Untimely filed general unsecured claims to which the Debtor has not objected.

10.   **NONSTANDARD PLAN PROVISIONS**

**Include the additional provisions below or on an attachment. Any nonstandard provision placed elsewhere in the plan is void. (NOTE: The plan and any attachment must be filed as one document, not as a plan and exhibit.)**

Dated:   **December 21, 2017**            **/s/ Stephen Wade Parker**
                                          **Stephen Wade Parker 315606**
                                          Attorney for Debtor

                                          **/s/ Richard C. Long, Jr.**
                                          **Richard C. Long, Jr.**
                                          Debtor

                                          **/s/ Christine V. Long**
                                          **Christine V. Long**
                                          Joint Debtor

By filing this document, the debtor, if not represented by an attorney, or the Attorney for Debtor also certifies that this plan contains no nonstandard provisions other than those set out in § 10.

5

Software Copyright (c) 1996-2017 Best Case, LLC - www.bestcase.com                                                                    Best Case Bankruptcy

Case 1:17-bk-05073-HWV    Doc 15    Filed 12/21/17    Entered 12/21/17 15:58:18    Desc
                    Main Document          Page 5 of 5
Case 1:17-bk-05073-HWV    Doc 23    Filed 01/31/18    Entered 02/01/18 00:44:23    Desc
                Imaged Certificate of Notice    Page 6 of 6